IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN W. FINK, | : | |
| Plaintiff, | : | Civil No. 21-00063 (RBK/AMD) |
| v. | : | **ORDER** |
| JOHNATHAN L. BISHOP, *et al.*, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

    **THIS MATTER** comes before the Court upon Plaintiff John Fink's April 14, 2021 Letter to the Court (Doc. 41) requesting leave to file a sur-reply to Defendant Steven Davis and Suez WTS USA Inc.'s ("Suez Defendant's") Reply Brief in Support of their Motion to Dismiss (Doc. 40); and

    **THE COURT OBSERVING** that Plaintiff states that he wishes to file a sur-reply so that he may "address certain statements made by the Suez Defendants in their reply which are misleading/inaccurate/etc., as well as highlight notable omissions." (Doc. 41). Plaintiff requests another fifteen pages to address this issue. (*Id.*); and

    **THE COURT NOTING** that, pursuant to Local Civil Rule 7.1(d)(6), "[n]o sur-replies are permitted without permission of the Judge . . . to whom the case is assigned"; and

    **THE COURT NOTING FURTHER** that "[i]t is axiomatic that [r]eply [b]riefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *Metex Mfg. Corp. v. Manson*, 2006 WL 8458256, at * (D.N.J. Aug. 8, 2006).

Accordingly, sur-replies are justified when the reply brief raises new arguments or presents new evidence warranting a response. *See id.* However, courts show not allow sur-replies when the party is requesting such additional briefing as an "adversarial tactic" or filing a sur-reply for the purpose of "sandbagging." *Id.*; and

**THE COURT FINDING** that a sur-reply is unnecessary at this time. Plaintiff has not set forth sufficient reasons that would justify the filing of additional briefing on the matter. Moreover, after review, the Court concludes that the Suez Defendant's reply brief does not raise any additional "new" arguments that would warrant a sur-reply. Conversely, if the Court were to allow Plaintiff to file a sur-reply, there is a high likelihood that such sur-reply would be used for sandbagging tactics and to delay the Court's decision on the pending motions; therefore

**IT IS HEREBY ORDERED** that Plaintiff's letter request for leave to file a sur-reply is **DENIED**.

Dated:   4/16/2021                                          /s Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge